(No. 77-CC-1319—

KING SCOTT, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 4, 1978.*

NATE FINN, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; GLEN P. LARNER, Assistant Attorney General, for Respondent.

PER CURIAM.

This claim coming on to be heard on the joint stipulation of the parties hereto, and the Court being fully advised in the premises.

This Court finds that Claimant, King Scott, seeks recovery of $1,000.00 for damages incurred from being

attacked and beaten by a patient at Manteno Mental Health Center.

The joint stipulation entered into between the parties, to which was attached the departmental reports of the Department of Mental Health, contained the following information:

On July 24, 1975, King Scott was in the parking lot outside of the security building at Manteno Mental Health Center, his status being that of an authorized visitor to the institution. While Claimant Scott was waiting in his car in the parking lot, he was approached and attacked by a Leroy Johnson for no apparent reason.

Patient Johnson had a history of violent behavior and it was noted throughout his medical history that he had assaulted other people without warning or provocation. Despite the known propensity of Leroy Johnson for violence towards others, he was given a grounds pass by the staff which allowed him to go unaccompanied into areas frequented by visitors.

There was no indication that Claimant provoked patient Johnson in any way, or that Johnson had any rational reason for attacking Claimant. Upon questioning the patient about this incident, he stated, "I hit him in the face because he put a spell on my cigarette."

From the foregoing facts, it appears that Respondent knew that Leroy Johnson was a violent individual and, therefore, should not have allowed him to enter the visitor area unattended. It appears further that Claimant was exercising due care for his own safety. The joint stipulation states both that Respondent was negligent in allowing the incident to happen and that

Claimant used due care for his own safety.

This Court has held on previous occasions that the State is required to exercise reasonable care in restraining and controlling dangerous persons committed to its custody, so that they will not have the opportunity to inflict a foreseeable injury upon others. *Malloy v. State, 18 Ill.Ct.Cl. 137; Callbeck v. State, 22 Ill.Ct.Cl. 722; Maloney v. State, 22 Ill.Ct.Cl. 567.*

Both parties have stipulated that the amount of Claimant's loss is $850.00.

Claimant, King Scott, is hereby awarded damages in the sum of $850.00.